IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**INTERMED ULTRASOUND**
**SERVICES, INC.,**

    **Plaintiff,**

vs.                                    **CASE NO.: 1:06-CV-122-SPM**

**FEDEX FREIGHT,**

    **Defendant.**

_____/

**ORDER REMANDING CASE TO STATE COURT**

**THIS CAUSE** comes before the Court upon the "Plaintiff's Motion to Remand and Memorandum of Law in Support Thereof" (doc. 8) filed June 26, 2006; Defendant's response (doc. 13) filed July 25, 2006; the "Defendant's Motion to Dismiss Amended Complaint" (doc. 9) filed June 29, 2006; and Plaintiff's response thereto (doc. 11) filed July 12, 2006. The central question in these motions is what effect the Carmack Amendment has on the instant case.

**BACKGROUND:**

Plaintiff contracted with Defendant to ship an "Envisor Medical Unit" from Massachusetts to Florida. Upon receipt of the unit in Florida, it was discovered that the unit had suffered damage which rendered it inoperable. Plaintiff repaired and resold the unit, leaving a deficit of $14,506.56. Plaintiff sued Defendant in state court for that amount plus interest, costs, and attorney fees. Defendant subsequently removed the

Case 1:06-cv-00122-SPM-AK   Document 14   Filed 08/01/06   Page 2 of 5

Page 2 of 5

case to this Court, citing 28 U.S.C. §§ 1337 and 1441.  Plaintiff moved to remand (doc. 8), after which Defendant moved to dismiss (doc. 9).

**ANALYSIS:**

The Carmack Amendment to the Interstate Commerce Act, codified at 49 U.S.C. § 14706, provides that a carrier of property in interstate commerce is generally liable to the shipper for losing or damaging a shipment in transit.  Its purpose is to "protect shippers against the negligence of interstate carriers and to 'relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods.'" Fuente Cigar, Ltd., v. Roadway Express, Inc., 961 F.2d 1558, 1559 n.1 (11th Cir. 1992)(*citing* Reider v. Thompson, 339 U.S. 113, 119 (1950)).

The Carmack Amendment is specifically referred to in 28 U.S.C. § 1337(a), which confers original jurisdiction on the federal district courts to hear Carmack claims amounting to at least $10,000.  Plaintiff's claim of $14,506.56 meets this threshold.  Accordingly, Defendant removed the case pursuant to 28 U.S.C. § 1441(a), which provides that any civil action brought in state court over which the federal district courts have jurisdiction may be removed to the federal court embracing the place of the pending state action.

While the removal appears proper on its face, Plaintiff argues that removal would improperly convert its state common-law claims (breach of contract, breach of duty of

care, and negligence) into federal claims.  Such conversion occurs only under the "complete preemption" doctrine, which comes into play when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)(*quoting* Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).  To date, the United States Supreme Court has found only three statutes which completely preempt state-law claims: (1) section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185; (2) section 1132 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. § 21 *et seq.*.  Dunlap v. G&L Holding Grp. Inc., 381 F.3d 1285, 1290 (11th Cir. 2003).

A sister court in the Middle District of Florida, utilizing the Supreme Court's analysis, has specifically held that the Carmack Amendment does not completely preempt related state claims.  Circle Redmont, Inc., v. Mercer Transp. Co., 78 F. Supp. 2d 1316 (M.D. Fla. 1999).  This Court adopts that opinion, finding it to be well-reasoned and in harmony with the language and legislative history of the amendment.

Rather than completely preempting state law, the Carmack Amendment falls within the ambit of the "ordinary preemption" doctrine, which may be used as an affirmative defense in either state or federal court to argue that "state claims have been substantively displaced by federal law."  Geddes v. Am. Airlines, Inc., 321 F.3d 1349,

1352 (11th Cir. 2003).  However, this defense is not a proper basis on which to remove a case.  Id. at 1352-53.  Therefore, preemption may displace state law, yet lack the "extraordinary force" needed to create federal removal jurisdiction under complete preemption.  Id. at 1353.  In such cases, "it falls to the state courts to assess the merits of the ordinary preemption defense."  Id. (*citing* Caterpillar, 482 U.S. at 398 n.13).

Combined with the principle that remand is favored when federal jurisdiction is not absolutely clear, Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994), it appears that Plaintiff's motion to remand should be granted.  It is, accordingly,

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's motion to remand (doc. 8) is hereby *granted*.
2. Defendant's motion to dismiss (doc. 9) is denied as moot.
3. The clerk shall immediately take all steps necessary to effect the remand of this case to the Eighth Judicial Circuit in and for Alachua County, Florida.

**DONE AND ORDERED** this first day of August, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge